SO ORDERED: September 30, 2020.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MELEEKA CLARY-GHOSH, | ) Case No. 11-12876-JMC-7A |
| | ) |
| Debtor. | ) |
| | ) |
| MELEEKA CLARY-GHOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 19-50110 |
| | ) |
| MICHAEL GHOSH, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on *Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure* filed by Michael Ghosh ("Creditor") on July 26, 2019 (Docket No. 16) (the "Motion"). The Court, having reviewed the

1

Motion, the *Memorandum in Support of Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure* attached to the Motion (the "Brief"), the *Second Amended Objection to Motion to Dismiss* filed by Meleeka Clary-Ghosh ("Debtor") on August 19, 2019 (Docket No. 19) (the "Objection"), *Defendant's Response to Plaintiff's Objection, Amended Objection and 2nd Amended Objection to Motion to Dismiss* filed by Creditor on September 3, 2019 (Docket No. 21), and the *Complaint for Damages and Request for Permanent Injunction and Motion for Contempt* filed by Debtor on June 4, 2019 (Docket No. 1) (the "Complaint"); and being otherwise duly advised, now **GRANTS** the Motion.

Factual Background

This adversary proceeding arises from an ongoing dispute between former spouses, sometimes waged in this Court and sometimes in various state court causes. Both Creditor (Case Nos. 15-02051-JMC-13 and 16-00651-JMC-7) and Debtor (Case No. 11-12876-JMC-7A) have filed bankruptcy cases in this Court.

At the time Debtor filed her bankruptcy case, she owned a 2002 Chevrolet Venture, a 2001 Mercedes S500 and a 2000 Mercedes CLK 430 (collectively, the "Vehicles"). She asserted that each of the Vehicles was exempt from the claims of her creditors pursuant to Ind. Code § 34-55-10-2(c)(2) (*see* Bankruptcy Case Docket No. 15). While Debtor's bankruptcy case was pending, Debtor sold the Vehicles. On February 26, 2014, the *Discharge of Debtor in a Chapter 7 Case* was entered. On February 27, 2014, Debtor's bankruptcy case was closed.

On July 11, 2017, Creditor filed a fraudulent transfer suit in the Hamilton Superior Court, cause no. 29D02-1707-PL-006437, captioned *Michael Ghosh v. Meleeka Clary-Ghosh et al.* (the "State Court Action"). In the State Court Action, Creditor alleged, *inter alia*, that Debtor

2

transferred the Vehicles in a manner that allows him to recover the Vehicles from the transferees as violative of Indiana's avoidable transfer statute.

Debtor reopened her bankruptcy case in order to file the Complaint.

## Positions of the Parties

Simply stated, Debtor believes that the Vehicles, as property exempted in her bankruptcy case, are not available to Creditor. The Complaint alleges that Creditor has "violated this Court's discharge order" by "start[ing] actions against the entity that received the [V]ehicles immediately upon discharge".[1] Debtor asks that the Court award her injunctive relief "preventing [Creditor] from further harassing [Debtor] or her family or friends or associates with collection actions for the property that she has been found to be entitled to due to the bankruptcy laws"[2] and to "find [Creditor] in contempt for his actions in trying to get the property [the Vehicles] that this Court already exempted."[3] Debtor seeks $63,000 in compensatory damages, $21,500 in attorney fees, and $189,000 in punitive damages.[4]

In the Motion and Brief, Creditor argues that Debtor has (1) failed to establish that this Court has subject-matter jurisdiction over the claims alleged in the Complaint; and (2) failed to satisfy the applicable pleading standards with respect to such claims, and therefore this adversary proceeding should be dismissed under Fed. R. Civ. P. 12(b)((1) and/or 12(b)(6).

In the Objection,[5] Debtor asserts that this Court has subject-matter jurisdiction over her

---

[1]  Complaint, ¶¶ 21 and 22.

[2]  Complaint, ¶ 47.

[3]  Complaint, ¶ 41.

[4]  Complaint, ¶¶ 48-50.

[5]  In the Objection, Debtor seems to raise new claims not previously asserted in the Complaint. The Court will not consider any new claims in ruling on the Motion. "It is a basic principle that the complaint may not be

claims and that her claims are adequately pleaded.

## Standards of Review/Applicable Law

*Subject-Matter Jurisdiction*
*Fed. R. Civ. P. 12(b)(1), made applicable by Fed. R. Bankr. P. 7012(b)*

"A motion to dismiss under Rule 12(b)(1) asserts that the court lacks jurisdiction over the subject matter." *Vale Park Animal Hosp., LLC v. Project 64, LLC*, 2020 WL 1139413, at *1 (N.D. Ind. Mar. 9, 2020).

> In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised.
>
> A factual challenge contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient. In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists.
>
> In contrast, a facial challenge argues that the plaintiff has not sufficiently *alleged* a basis of subject matter jurisdiction. In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.

*Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (internal quotations omitted). Creditor makes a factual challenge of the Court's subject-matter jurisdiction over the claims raised in the Complaint.

This Court's jurisdiction is "grounded in, and limited by, statute", *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 1499 (1995), and only extends to the claims raised in this adversary proceeding insofar as they are 'arising under' title 11 of the United States Code, 'arising in' a case under title 11, or 'related to' such a case. 28 U.S.C. § 1334(b); *see In re FedPak*

---

amended by the briefs in opposition to a motion to dismiss". *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).

4

*Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996). A claim 'arises under' title 11 if it "depend[s] on a right 'created or determined by a statutory provision of title 11' ". *In re Repository Techs., Inc.*, 601 F.3d 710, 719 (7th Cir. 2010) (quotation omitted). A claim 'arises in' a bankruptcy case under title 11 if it is the sort of administrative matter that has "no existence outside of the bankruptcy." *Id.* (quotation omitted). A claim is 'related to' the bankruptcy "when the dispute 'affects the amount of property for distribution … or the allocation of property among creditors.' " *FedPak*, 80 F.3d at 213-14 (quotation omitted).

*Sufficiency of the Pleadings*
*Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b)*

>Courts review Rule 12(b)(6) motions as follows:
>
>A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).
>
>To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *3 (N.D. Ind. 2013).

*Violation of the Discharge Injunction*
*11 U.S.C. § 524*

      Debtor's Complaint alleges that Creditor has violated the discharge injunction created pursuant to 11 U.S.C. § 524(a), which provides in relevant part:

> (a)  A discharge in a case under this title –
>     (1)    voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>     (2)    operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; … .

In Debtor's bankruptcy case, the injunction created by § 524(a)(2) applies to debts discharged pursuant to 11 U.S.C. § 727(b), which provides in relevant part:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter … .

"[T]he 'order for relief under this chapter' refers to the filing of the Chapter 7 petition pursuant to 11 U.S.C. § 301(b)", *In re Hijjawi*, 471 B.R. 917, 922 (Bankr. N.D. Ill. 2012), *aff'd sub nom. Hijjawi v. Five N. Wabash Condo. Ass'n*, 495 B.R. 839 (N.D. Ill. 2013), and the date thereof is the petition date, October 12, 2011.

      The statutory scheme, then, works as follows:  § 727 discharges all pre-petition debts, except those debts excepted pursuant to 11 U.S.C. § 523.  After the discharge is issued, the discharge injunction created by § 524 protects a debtor from post-discharge actions by creditors seeking to enforce the discharged pre-petition debts.  The result of the above scheme is that

6

Debtor cannot state a 'plausible claim for relief' with respect to Creditor's alleged violation of the discharge injunction unless she can show that Creditor is attempting to enforce a pre-petition debt that was discharged.

This Court "retains jurisdiction to enforce its injunctions." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). "A court may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, -- U.S. --, 139 S.Ct. 1795, 1804 (2019). "In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Id.* at 1799.

*Exemptions*
*11 U.S.C. § 522*

Debtor relies heavily on her claimed exemptions in the Vehicles.[6] "Except in particular situations specified in the Code, exempt property 'is not liable' for the payment of 'any [prepetition] debt' or 'any administrative expense.' " *Law v. Siegel*, 571 U.S. 415, 417-18, 134 S.Ct. 1188, 1192 (2014) (*quoting* 11 U.S.C. § 522(c), (k)). The governing statutory section is 11 U.S.C. § 522(c), which provides in relevant part:

> (c)   Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except –
> (1)   a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable non-bankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph); … .

In the context of marital dissolution proceedings, the exception enumerated in § 522(c)(1) only applies to debts determined to be non-dischargeable pursuant to § 523(a)(5), not those

---

[6]   Complaint, ¶¶ 18, 26, 41, and 47.

7

determined to be non-dischargeable pursuant to § 523(a)(15).

## Discussion

This Court must determine whether it has subject-matter jurisdiction – that is to say, 'arising under', 'arising in' or 'related to' jurisdiction – over the claims Debtor alleges in the Complaint. Debtor would have the Court answer "yes" to all three because Debtor couches the issue as one focused on this Court's enforcement of the discharge injunction to protect Debtor's claim of exemptions in the Vehicles. Creditor would have the Court answer "no" to all three because Creditor says he is entitled to collect through the State Court Action debts (the "Non-Discharged Debts") Debtor owes to him that arose from orders entered in the parties' divorce action that were found by this Court to be non-dischargeable pursuant to § 523(a)(5) and (a)(15) in Adversary Proceeding No. 12-50022. (Brief, pp. 2, 5.)

As a general matter, the Court has jurisdiction to enforce the discharge entered in Debtor's bankruptcy case. *Cox*, 239 F.3d at 917. However, nowhere in the Complaint does Debtor identify what discharged debt Creditor is trying to collect through pursuing the State Court Action. In addition, Debtor does not allege that Creditor is taking specific action against the Vehicles to satisfy (a) a discharged debt; or (b) a debt that was not discharged other than pursuant to § 523(a)(5) (*see* § 522(c)(1)). Accordingly, the Complaint does not state a plausible claim for relief.

In the State Court Action, Creditor appears to be pressing a legal theory independent of Debtor's bankruptcy case that, if he prevails, will result in a money judgment entered in his favor and against Debtor and others. Creditor's State Court Action appears to be based upon the Non-Discharged Debts, and any recovery he makes would, again apparently, be used to satisfy the

8

Non-Discharged Debts. Any claims Debtor makes in the Complaint relating to the tenability of Creditor's position in the State Court Action do not meet the criteria for subject-matter jurisdiction. The State Court Action does not 'arise under' title 11 because it concerns avoidable transfers under Indiana law. Nor does the State Court Action 'arise in' or 'relate to' the administration of Debtor's bankruptcy estate or the amount and distribution of estate property. To whatever extent those claims are construed, clarified or amended to fall within this Court's jurisdiction, this Court chooses to abstain under 28 U.S.C. § 1334(c) in the interest of comity with the State courts.

## Conclusion

For the reasons described above, the Court GRANTS the Motion and hereby DISMISSES this adversary proceeding.

IT IS SO ORDERED.

# # #